[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
On May 11, 1990, the defendant filed a motion for rehearing. That motion was heard subsequent to the court's Memorandum of Decision dated May 15, 1990. The motion for rehearing was heard on May 24, the motion subsequently granted and the case ordered to proceed upon a new trial on June 13, 1990. The case was tried on June 13, 15 and concluded on June 18.
Further evidence upon the retrial of this case results in some changes in the court's fact finding. Essentially these changes involve three issues: whether the defendant has an ownership interest in the business known as the Lighthouse Liquor Locker and, if so, its valuation, the valuation of the jointly owned condominium, and plaintiff's pregnancy with a child not issue of the parties' marriage with conception in January or February, 1990 and a due date in October, 1990, not disclosed to the court upon the first trial in May.
With regard to the question of whether the defendant had an ownership interest in the Lighthouse Liquor Locker, the court finds that the defendant does have an interest in this business. (See defendant's exhibit F.) The difficulty with which the court is confronted in that regard is the valuation of that interest. Based upon Schedule C of Salvatore Crescenzo's income tax return, there was a profit for this business in 1986 CT Page 120 of $23,498.00 but then losses in 1987 and 1988 of $24,188.00 and $4,588.00 respectively. The closing inventory for 1988 was valued at $65,000.00, but the court cannot tell what may be the liabilities offset against this asset nor what may be the business' other assets and liabilities to arrive at a book value, let alone a valuation. (See plaintiff's exhibits G, H and I.) The defendant's affidavit does not disclose his interest in the business.
With regard to the parties' interest in the condominium, the court finds the contributions toward the down payment were as follows:
1. The plaintiff — $8,300.00 from her own savings.
2. The defendant, from the sale of his Corvette — $9,000.00.
3. The plaintiff's parents — $5,000.00, paid back.
 4. The defendant's sister and brother-in-law — $5,000.00, paid back.
Mortgage proceeds of $103,000.00 were obtained from the Dime Savings Bank. Based upon the testimony of the witness Dorothy Moline, the condominium is worth less than the current outstanding balance of the mortgage and payments upon the mortgage are in arrears by four months.
As to the plaintiff's pregnancy, the court finds that the child is not issue of the parties' marriage. The last time the parties had sexual intercourse was July 18, 1989. The court is disturbed that the plaintiff did not disclose this information at the first trial nor, indeed, upon direct examination at the second trial. Her explanation was she did not believe it effected the court's decision in this matter.
It would appear, however, that the plaintiff may not have truthfully answered interrogatory number 97 of the defendant's interrogatories on November 20, 1989 when she answered "None" to the question: "Identify each person with whom you have had extramarital sexual relations and/or intercourse since the date of the marriage. . . ." Even assuming there had been no sexual relations with her friend by that date, there was a continuing duty to disclose any change in the answers to the interrogatories. (Practice Book 232.)
While on the issue of duty and responsibility, the defendant has been less than credible on his financial affidavits and in his testimony. His own answers to the plaintiff's interrogatories have not been in the spirit of the CT Page 121 Rules of Practice. See answers to interrogatories numbers 1, 6, 7, 8, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 44, 49 and 50. As previously stated, there is no listing in the defendant's affidavit of his interest in the business known as Lighthouse Liquor Locker. This is, however, consistent with his testimony that he has no interest in the business. On his financial affidavit of June 12, 1990, under expenses, he shows $10.00 for public transportation which he cannot explain, and payments on his auto loan and gas and oil, both of which are paid by the business. His weekly expenses, therefore, are overstated by at least $179.00. Additionally, the defendant stated that the so-called liability to his parents listed as $27,000.00 on his affidavit was not a debt. Further evidence of the defendant's lack of duty to disclose truthfully and responsibly is shown by plaintiff's exhibit J, an unsigned financial affidavit dated September 26, 1989 which shows a liability of $35,000.00 to the Estate of Anna DeFelice, the defendant's aunt. On the witness stand, the defendant admitted this was not a liability. All of the foregoing is reason enough to grant the plaintiff's motion for counsel fees.
The court makes the following changes in its Memorandum of Decision dated May 15, 1990:
Add on page two an additional paragraph after number 4:
5. The plaintiff is pregnant with child, conceived in January or February, 1990, which child is not issue of the parties.
The court vacates paragraph four of its orders of May 15 and substitutes the following:
3. The court assigns, pursuant to 46b-81 of the General Statutes, all of the plaintiff's right, title and interest in and to the real property at 125 Warner Hill Road, unit number 94, Stratford, Connecticut to the defendant. The defendant shall be wholly responsible for all outstanding obligations relating to said property including the existing first mortgage, taxes and condominium charges and shall indemnify and hold harmless the plaintiff from any claims or demands thereon.
The court vacates paragraph four of its orders of May 15 and substitutes the following:
 4. The defendant shall pay to the plaintiff by way of an assignment of estate and in the nature of lump sum alimony the sum of $12,500.00, the sum to be paid in two installments, one in the amount of $4,500.00 to be paid on CT Page 122 or before September 15, 1990 and one in the amount of $8,000.00 to be paid on or before December 15, 1990.
The court vacates as much of paragraph six of its orders as refers to the defendant's financial affidavit of December 29, 1989 and changes the date to June 12, 1990 and adds to said paragraph the following: "except as set forth in paragraphs 12 and 13 hereof."
The court vacates the reference in paragraph 12 to plaintiff's exhibit G and changes that reference to plaintiff's exhibit C.
The court vacates the references in paragraph 13 to plaintiff's exhibits I and G and changes those references to exhibits E and C respectively. The court adds the following to paragraph 13: "Those items listed on plaintiff's exhibit E shall also be the plaintiff's free of any claim or demand by the defendant except for the wedding pictures, wedding albums and `pictures over two years' which shall be divided by the parties."
The court vacates its order in paragraph fourteen and orders as follows: "The defendant shall contribute toward the plaintiff's counsel fees the sum of $3,000.00 which shall be paid to the plaintiff on or before September 15, 1990."
Except as hereinbefore changed or modified, the orders entered on May 15, 1990 shall remain as previously ordered.
EDGAR W. BASSICK, III, JUDGE